**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
|     Theresa Peoples, | : | |
|         Debtor. | : | Bankruptcy No. 17-16247-MDC |

# **O R D E R**

**AND NOW**, upon consideration of the Application for Compensation and Reimbursement of Expenses dated April 4, 2018 (the "Application"),[1] filed by Clair M. Stewart (the "Applicant"), counsel to Theresa Peoples (the "Debtor"), in which the Applicant requests the allowance of compensation in the amount of $5,000.00 and the reimbursement of expenses in the amount $0.00.

**AND**, the Applicant filed a Disclosure of Compensation pursuant to Fed. R. Bankr. P. 2016(b) dated September 13, 2017 (the "Original 2016(b) Statement"),[2] wherein the Applicant stated that she agreed to accept $3,000.00 for legal services and that "prior to the filing of this statement" she had been paid $1,380.00 by the Debtor.

**AND**, in the Original 2016(b) Statement, the Applicant stated that her $3,000.00 fee for legal services did not include costs or expenses related to certain enumerated services.

**AND**, on the date the Application was filed, the Applicant filed an Amended Disclosure of Compensation pursuant to Fed. R. Bankr. P. 2016(b) dated April 4, 2018 (the "Amended 2016(b) Statement"),[3] wherein the Applicant stated that she agreed to accept $5,000.00 for legal services and that "prior to the filing of this statement" she had been paid $1,380.00.

**AND**, on January 17, 2019, the Debtor's case was voluntarily converted from chapter 13 to chapter 7.[4]

---

[1] Bankr. Docket No. 29.

[2] Bankr. Docket No. 1.

[3] Bankr. Docket No. 30.

[4] Bankr. Docket No. 43.

**AND**, on January 22, 2019, the Chapter 13 Trustee filed his Final Report and Accounting, reflecting net receipts of $235.04.

**AND**, on January 24, 2019, the Applicant filed a second Amended Disclosure of Compensation pursuant to Fed. R. Bankr. P. 2016(b) dated January 24, 2019 (the "Second Amended 2016(b) Statement"),[5] wherein the Applicant stated that she agreed to accept $4,500.00 for legal services and that "prior to the filing of this statement" she had been paid $1,380.00.

**AND**, the Applicant has filed a certification of no response.

**AND**, the Court of Appeals has held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, this case involves the representation of a below-median debtor, *see generally* 11 U.S.C. §1325(b) (establishing different standards for measuring plan confirmability depending upon whether the debtor's is above median or below median); Official Form B-122C (requiring more financial disclosure from above-median debtors).

**AND**, pursuant to L.B.R. 2016-3(a)(1), this Court is authorized to allow counsel fees in chapter 13 cases involving below-median debtors of $4,000.00 based on a "short form application," that does not require an itemization of time.

**AND**, the Applicant has elected to file the Application pursuant to L.B.R. 2016-2(a).

**AND**, the Applicant has filed three different 2016(b) statements, with the most recent Second Amended 2016(b) Statement providing for less compensation than that provided for in the Application.

---

[5] Bankr. Docket No. 56.

It is hereby **ORDERED** that:

1. A hearing shall be held on **March 27, 2019, at 10:30 a.m.**, in **Bankruptcy Courtroom No. 2, U.S. Bankruptcy Court, 900 Market Street, Philadelphia, PA** (the "Show Cause Hearing"), to consider whether pursuant to 11 U.S.C. §330(a)(2) this Court should award compensation that is less than the amount of compensation that is requested.

2. At the hearing, the Applicant shall have the written retainer agreement with the Debtor available for review by the court and parties in interest.

3. At the hearing, the Applicant shall be prepared to address:

    a. The apparent discrepancies between the Original 2016(b) Statement, the Amended 2016(b) Statement, and the Second Amended 2016(b) Statement;

    b. The reasonableness of the requested compensation under the standards set forth in 11 U.S.C. §§330(a)(3) & (4.)

Dated: March 7, 2019

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Clair M. Stewart, Esquire
100 S. Broad Street, Suite 1523
Philadelphia, PA 19110

Terry P. Dershaw, Esquire
Dershaw Law Offices
P.O. Box 556
Warminster, PA 18974-0632

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107